**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| NAMISH PARIKH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 8:24-CV-03627-AAQ |
| CHRISTOPHER C. FOGLEMAN, | * | |
| Defendant. | * | |

**<u>MEMORANDUM OPINION</u>**

This is a case alleging that a Maryland state court judge improperly entered an Order. Plaintiff Namish Parikh brought suit under 42 U.S.C. § 1983 against Defendant Associate Circuit Court Judge Christopher C. Fogleman, alleging denial of access to court, retaliation, fabrication of evidence, and violation of his rights under the Equal Protection Clause of the U.S. Constitution's Fourteenth Amendment, which the Court dismissed for lack of subject matter jurisdiction. ECF No. 31, at 16, 21, 23, 31; ECF No. 47; ECF No. 48. Now pending before the Court is Plaintiff's Motion for Reconsideration. ECF No. 49. For the following reasons, Plaintiff's Motion is denied.

**BACKGROUND**

The relevant factual background in this case is set out in its entirety in a prior opinion. ECF No. 47. Following years of extensive litigation over the Decedent's estate, Defendant signed an Order on November 13, 2023, declaring Plaintiff to be a vexatious litigant. ECF No. 31-1, at 14. The Order permanently enjoins Plaintiff from filing "any pleading, motion, or other paper," relating to the Decedent's estate, or "filing in the Orphans' Court for Montgomery County, Maryland or the Circuit Court for Montgomery County, Maryland any new action relating to the [Decedent's estate], without first obtaining leave of the Court by obtaining permission from the

1

Administrative Judge or their designee." ECF No. 31-1, at 14-15. Plaintiff appealed this Order to the Appellate Court of Maryland. ECF No. 32-2, at 43.

On April 21, 2025, Plaintiff filed his Second Amended Complaint against Defendant, alleging denial of access to court, retaliation, fabrication of evidence, and violation of his rights under the Equal Protection Clause of the U.S. Constitution's Fourteenth Amendment. ECF No. 31, at 16, 21, 23, 31. On May 5, 2025, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim. ECF No. 32. On June 23, 2025, Plaintiff filed a Notice of Intent to File Motion for an Order to Issue Two Subpoenas. ECF No. 42. This Court held a Motions Hearing on July 29, 2025, regarding Defendant's Motion to Dismiss. ECF Nos. 43, 44. Plaintiff filed a Supplement to his Response in Opposition to Defendant's Motion to Dismiss on August 6, 2025. ECF No. 46.

On January 23, 2026, the Court granted Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. ECF Nos. 47, 48. The Court held that *Younger* abstention, absolute judicial immunity, and the *Rooker-Feldman* doctrine required dismissal. *Id.* On February 18, 2026, Plaintiff filed a Motion for Reconsideration. ECF No. 49. The Motion has since been fully briefed. ECF Nos. 50, 54.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment after its entry. "Reconsideration is an 'extraordinary remedy,' to be used 'sparingly,' available on only three grounds: 1) an intervening change in controlling law; 2) previously unavailable evidence; or 3) to correct a clear error of law or prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting and citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). This is a "high bar." *Worsham v. Disc. Power, Inc.*, No. RDB-20-0008, 2021

WL 5742382, at *3 (D. Md. Dec. 1, 2021) (citation omitted).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation marks omitted) (quoting 11 Wright & Miller's Federal Practice & Procedure § 2810.1, at 127-28 (2d ed. 1995)).  "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Id.* (quoting Wright et al. § 2810.1, at 124); *see also* 11 Wright et al. § 2810.1 (3d ed. 2025) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").  "[M]ere disagreement" with the court's ruling does not support a motion to alter or amend the judgment.  *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

## ANALYSIS

Plaintiff filed a timely Rule 59(e) Motion asserting that the Court should reconsider its January 23, 2026, Memorandum Opinion and Order.[1]  ECF Nos. 47, 48, 49.  Plaintiff's Motion does not identify a change in controlling law, nor does it account for any new evidence not available when the Court decided Defendant's Motion to Dismiss.  ECF No. 49.  The Court, therefore, assumes that Plaintiff filed his Motion to correct a clear error of law or prevent manifest injustice.

Plaintiff's Motion fails because Plaintiff does not identify any clear error by the Court or other injustice that would warrant reconsideration of the Court's January 23, 2026, Memorandum Opinion and Order.  Plaintiff makes multiple arguments in support of his Motion for Reconsideration.  Plaintiff primarily argues that the Court erred in its application of *Younger*,

---

[1] Fed. R. Civ. P. 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Here, the Court issued its Memorandum Opinion and Order on January 23, 2026, ECF Nos. 47, 48, and Plaintiff filed his Motion on February 18, 2026, ECF No. 49.  Therefore, Plaintiff's Motion is timely.

*Rooker-Feldman*, and judicial immunity, seeking to relitigate many of the arguments that the Court has already considered.   ECF No. 49, at 14-22.  In addition, Plaintiff argues: 1) Defendant lacks judicial immunity because he should have dismissed the third-party representative's petition for lack of standing; 2) the Court erred by denying Plaintiff's subpoena request and criminal referral; 3) the Court erred by not accepting Plaintiff's allegations as true at the Motion to Dismiss stage; and 4) typographical errors warrant reconsideration.  ECF No. 49, at 8-13.

"Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . .'" *Wagner v. Warden*, No. ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, No. 1:14-cv-00091-JMC, 2015 WL 4937292, at *2 (D.S.C. Aug. 18, 2015)).   To justify altering or amending a judgment on this basis, "the prior judgment cannot be 'just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'"  *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. Sept. 12, 2012) (alterations in original) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).   Where a party merely resurrects arguments that it has already made and which the court has already considered, altering or amending the judgment is not appropriate.  *See Klicos Painting Co.. v. Saffo Contractors, Inc.*, No. RDB-15-2505, 2018 WL 1786968, at *2 (D. Md. Apr. 13, 2018) ("A Rule 59(e) motion must be denied where it 'merely urges the court to "change its mind"'") (quoting *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. Dec. 31, 2002)); *Morris v. Levene*, No. RDB-19-1351, 2020 WL 707193, at *2 (D. Md. Feb. 12, 2020) (denying Rule 59(e) motion where the court had "already considered and rejected Plaintiff's argument" in a prior order); *Bly v. Cir. Ct. for Howard Cnty. Md.*, No. 1:18-cv-01333-JMC, 2019 WL 6528608, at *4 (D. Md. Dec. 4, 2019) (denying Rule

59(e) motion because the plaintiff "in large part repeat[ed] his previous arguments, which were already decided" by the court).  Moreover, "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403.  "As to the 'manifest injustice' standard, courts focus on whether there was fairness in the administrative process or a denial of due process." *Williams v. Fontanez*, No. GLR-22-1882, 2023 WL 8174323, at *1 (D. Md. June 5, 2023) (citations omitted).  Because all of Plaintiff's arguments seek to relitigate old matters or belatedly raise arguments that could have been raised previously, none are compelling.

> **I.      The Court Did Not Err in Applying *Younger* Abstention.**

Plaintiff's contention that the Court erred in its application of *Younger* abstention is unpersuasive.  Plaintiff argues specifically, that: 1) *Younger* does not apply to *in rem* cases; 2) *Younger* does not apply to damages cases; 3) the Orphans' Court is not a court and therefore, the vexatious litigant Order does not satisfy the civil proceeding element of *Younger*; and 4) Maryland courts do not provide Plaintiff an adequate opportunity to raise his claims.  ECF No. 49, at 14-16. Plaintiff raised similar arguments in the Motion to Dismiss briefing.  ECF No. 46, at 3-7.  A reading of the Court's January 23, 2026, Memorandum Opinion also makes clear that the Court previously considered and rejected these arguments.  ECF No. 47, at 5-8.  Plaintiff cannot relitigate these matters through this motion.  *See Hutchinson*, 994 F.2d at 1082 ("[M]ere disagreement does not support a Rule 59(e) motion.").  For the reasons stated below, reconsideration is not warranted on these grounds.

Plaintiff argues that *Younger* does not apply to cases involving *in rem* jurisdiction over a *res*, and therefore the Court erred in applying *Younger* abstention to Plaintiff's claims.  ECF No.

49, at 14.  This argument constitutes an effort to relitigate previous arguments and mischaracterizes the nature of Plaintiff's federal claim.  *See* ECF No. 46, at 3-7 (raising similar arguments during Motion to Dismiss briefing).  Plaintiff's federal complaint does not concern an *in rem* case over estate matters, rather, it is a challenge to an Orphans' Court Order.  *See* ECF No. 31, at 17-22, 24, 33-35 (characterizing the injury to Plaintiff as arising from Defendant's Order blocking Plaintiff's access to the courts).  While the Orphans' Court is "a tribunal of special limited jurisdiction" it may "'pass orders which may be required in the course of the administration of an estate.'" *Libonati v. Ransom*, 664 F. Supp. 2d 519, 523 (D. Md. Oct. 22, 2009) (quoting Md. Est. & Trs. Code § 2–102).[2]  When the Court entered its Memorandum Opinion and Order, Plaintiff's state court appeal of the vexatious litigant Order met the *Younger* abstention requirements, constituting a pending civil proceeding uniquely involving the state court's interest in performing its judicial functions.  *See* ECF No. 47, at 5-8 (analyzing Plaintiff's claims under *Younger*).

Plaintiff argues that *Younger* abstention does not apply when Plaintiff is not seeking an injunction, resurrecting an argument he made in opposing Defendant's Motion to Dismiss.  This argument fails.  *Younger* abstention may apply to claims seeking monetary damages as well as equitable relief.  *See Accohannock Indian Tribe v. Tyler*, No. SAG-21-02550, 2021 WL 5909102, at *11 (D. Md. Dec. 14, 2021) ("abstention doctrines apply to suits in both law and equity").  Moreover, Plaintiff's Second Amended Complaint seeks remedy through both monetary damages

---

[2] Plaintiff argues that the Court's Memorandum Opinion should have relied on *McMillian-McCartney v. McMillan*, No. SAG-18-3331, 2019 WL 2524238 (D. Md. June 19, 2019), in its *Younger* analysis.  ECF No. 49, at 22.  The Court in *McMillian-McCartney* noted that the Orphans' Court is a court of limited jurisdiction, which does not encompass the contract and quantum meruit claims at issue in that case.  *Id.*  While the Orphans' Court is a court of limited jurisdiction, by statute, it may issue orders which may be "[r]equired in the course of the administration of an estate."  Md. Est. & Trs. Code § 2–102(a)(1).

and a constructive trust. ECF No. 31, at 37. "A constructive trust remains an equitable remedy 'even though it might ultimately reach a fund of money.'" *U.S. ex rel. Rahman v. Oncology Assocs.,* 198 F.3d 489, 498 (4th Cir. 1999) (quoting *Dobbs*, *Law of Remedies* § 2.6(3), at 157 (2d ed. 1993)). When parties seek solely monetary damages, district courts are encouraged to stay a case, rather than dismiss it. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *see also Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 823 (4th Cir. 2000) ("[A] district court may stay an action seeking damages [under abstention doctrines]."). The Court previously addressed the applicability of a stay in its Memorandum Opinion. *See* ECF No. 47, at 8 n.4 ("Plaintiff notes that when *Younger* abstention applies, a stay of the case, as opposed to dismissal with prejudice is the proper course . . . This may have been an appropriate course were it not for absolute immunity or the applicability of the *Rooker-Feldman* doctrine.").

In support of his Motion, Plaintiff repeats his argument that the Orphans' Court is not a court and does not have judges, therefore the vexatious litigant order does not satisfy the civil proceedings element of *Younger*. ECF No. 46, at 3; ECF No. 49, at 14. The Court's January 23, 2026, Memorandum Opinion makes clear that the Court previously considered and rejected this argument. ECF No. 47, at 10 ("Section 2-103 gives the Orphans' Court 'the same legal and equitable powers to effectuate its jurisdiction, punish contempt, and carry out its orders, judgments and decrees as a court of record with general jurisdiction in equity.' E.T. § 2-103."). Rule 59(e) does not permit a party to "relitigate old matters." *Pac. Ins. Co.*, 148 F.3d at 403.

Plaintiff argues that contrary to the Court's conclusion, he had no adequate opportunity to raise his claims in Maryland state court. This argument is unpersuasive. At the time of this Court's challenged Memorandum Opinion and Order, Plaintiff's appeal was pending in the Appellate

Court of Maryland, providing an adequate opportunity for Plaintiff to raise his claims.[3]  ECF No. 31-2, at 2; ECF No. 32-2, at 38, 43; ECF No. 32-5.  The Fourth Circuit has repeatedly held that "[t]he [*Younger*] abstention condition is merely that there be a pending state proceeding in which an opportunity to raise the constitutional challenge will be available" to the plaintiff.  *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 54 (4th Cir. 1989) (citing *Suggs v. Brannon*, 804 F.2d 274, 279 (4th Cir. 1986)).  In determining whether this opportunity exists, the Court need only be "confident that [the constitutional challenge] can be raised *in some appropriate way*."  *Id*. (emphasis added); *see also Warner St., Inc. v. Balt. Dev. Corp.*, No. BEL-07-0986, 2008 WL 11422695, at *3 (D. Md. Feb. 20, 2008) (upholding application of *Younger* abstention and holding state court provided adequate opportunity to raise claims, even where party's "counterclaim for a declaratory judgment is dismissed under Maryland law").

## II.     The Court Did Not Err in Applying Judicial Immunity.

Plaintiff argues that the Court should have analyzed absolute immunity under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1), and that the Court should not have relied upon *Harmon v. Md. Dep't of Health & Mental Hygiene*, No. ELH-13-605, 2013 WL 867992 (D. Md. Mar. 7, 2013), in its Memorandum Opinion.  ECF No. 49, at 10-12, 17.  For the reasons stated below, these arguments do not constitute grounds for reconsideration.

Plaintiff's argument that the Court should have analyzed judicial immunity under Rule 12(b)(6), instead of 12(b)(1), does not constitute the sort of clear error required for reconsideration under Rule 59(e).  Rules 12(b)(1) and 12(b)(6) apply the same standard for analyzing claims.  *See Evans v. United States*, 105 F.4th 606, 615 (4th Cir. 2024) ("Where the defendant contends that the

---

[3] On March 9, 2026, forty-six days after this Court issued its opinion dismissing Plaintiff's claims, the Appellate Court of Maryland issued an opinion affirming the Orphans' Court judgment.  *In re Estate of Parikh*, No. 1533, Nos. 1374, 1922, 2537, 2026 WL 658901 (App. Ct. Md. Mar. 9, 2026).

allegations in the complaint are insufficient to confer subject-matter jurisdiction, the district court assesses the motion under the same standard as one brought under Rule 12(b)(6).").  While Rule 12(b)(1) allows the Court to look beyond the pleadings,[4] the Court did not rely on evidence beyond the pleadings to determine that judicial immunity applies.  ECF No. 47, at 8-11.  Moreover, the Court is not unique in the structure of its analysis.  *See Deleon v. Fox*, No. 25-cv-00080-LKG, 2025 WL 2578073, at *5-6 (D. Md. Sept. 5, 2025) (dismissing case on account of judicial immunity without reference to the 12(b)(6) standard in its analysis); *Rouse v. Shellenberger*, No. JKB-21-2820, 2021 WL 5743907, at *1-3 (D. Md. Dec. 1, 2021) (dismissing claims based on judicial immunity under Rule 12(b)(1)); *Clark v. Dills*, No. GJH-21-833, 2021 WL 2685254, at *2 (D. Md. June 29, 2021) (dismissing claims due to judicial immunity without reference to the 12(b)(6) standard); *Ackermann v. Mitchell*, No. SAG-20-337, 2020 WL 2848124 (D. Md. June 2, 2020) (dismissing claims on account of judicial immunity without reference to the 12(b)(6) standard).  Fed. R. Civ. P. 59(e) sets an exceedingly high bar for relief that Plaintiff fails to meet. *See Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted) (relief pursuant to Rule 59(e) is "an extraordinary remedy which should be used sparingly").  A "'factually supported and legally justified' decision does not constitute clear error."  *Jarvis v. Berryhill*, No. TMD 15-2226, 2017 WL 467736, at *1 (D. Md. Feb. 3, 2017) (quoting *Hutchinson*, 994 F.2d at 1081-1082).  Further, "clear error" will not be found when the prior decision is "just maybe or probably wrong"; it must be "dead wrong."  *TFWS, Inc.*, 572 F.3d at 194 (quotation marks and citation omitted).

Plaintiff argues further that the Court should not have relied upon *Harmon* in its Memorandum Opinion to hold that absolute judicial immunity applies.  ECF No. 49, at 17; *see*

---

[4]  The Court considered attachments to Defendant's Motion, ECF Nos. 32-2 to 32-7, in its *Younger* analysis.  ECF No. 47, at 6.

*also* No. ELH-13-605, 2013 WL 867992 (D. Md. Mar. 7, 2013).  In essence, Plaintiff's argument "merely urges the [C]ourt to 'change its mind'" rendering reconsideration inappropriate.  *Klicos Painting Co., Inc.*, 2018 WL 1786968, at *2 (quoting *Medlock*, 336 F. Supp. 2d at 470).

**III.    The Court Did Not Err in Applying the *Rooker-Feldman* Doctrine.**

Plaintiff's argument that the Court erred in applying the *Rooker-Feldman* doctrine is unpersuasive.   Plaintiff repeats his argument from his Motion to Dismiss briefing that the "underlying theft of $2M using fictitious identity" caused the harm, not the Orphans' Court vexatious litigant Order.  ECF No. 49, at 18-19.  While Plaintiff's state court litigation originated from the dispute over the estate in the Orphans' Court, Plaintiff's federal court case challenges the Orphans' Court's vexatious litigant Order.  As discussed in the Court's previous Memorandum Opinion and Order, Plaintiff cannot relitigate the Order through this case.  *See* ECF No. 47, at 13-15 (holding that Plaintiff's injury is one and the same with the Maryland court's Order resulting in the injunction against him).

**IV.    Plaintiff's Additional Arguments Are Unpersuasive.**

In support of his Motion, Plaintiff repeats his request for the Court to order the third-party representative in the underlying state court proceeding to produce her government identification to establish her identity.  ECF No. 49, at 9-10.  Plaintiff previously filed a Notice of Intent to File a Motion for an Order to Issue Two Subpoenas, ECF No. 42, and argued in his supplemental briefing that the Court should grant his subpoena request, ECF No. 46, at 10-11.  Plaintiff also repeats his argument from his Position Statement for the July 29th Oral Argument in which he requested a criminal referral.  ECF No. 49, at 12-13; *see* ECF No. 43, at 4, 9.  Reconsideration under Rule 59(e) is not appropriate where a party merely resurrects arguments that it already made

10

and which the court has already considered. *See Hutchinson*, 994 F.2d at 1082 ("[M]ere disagreement does not support a Rule 59(e) motion.").

**V.     Plaintiff's Novel Arguments Fail.**

Plaintiff makes three entirely new arguments in support of his Motion. For the foregoing reasons, Plaintiff's arguments do not merit a different result.

Plaintiff argues that Defendant lacks judicial immunity because Defendant should have dismissed the third-party representative's petition in the Orphans' Court for lack of standing. *See* ECF No. 49, at 8 ("In Maryland, lacking a valid appointment under one's true legal name results in lack of standing, which in turn produces a void judgment, which is unenforceable"). Plaintiff did not raise this argument in his prior briefing. ECF Nos. 38, 43, 46. Plaintiff does not provide any reason he could not have raised this argument in his earlier briefing regarding Defendant's Motion to Dismiss, making reconsideration inappropriate. "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403; *see Kimberlin v. U.S. Dep't of Just.*, No. DKC 24-2323, 2026 WL 1361505, at *2 (D. Md. May 15, 2026) (denying Rule 59(e) Motion for Reconsideration where Plaintiff raises arguments that could have been raised prior to the entry of judgment).

Plaintiff's argument that the Court applied the wrong standard of review in its Memorandum Opinion, ECF No. 47, and did not accept Plaintiff's allegations as true is unpersuasive. ECF No. 49, at 9-11. Fed. R. Civ. P. 59(e) sets an exceptionally high bar for relief that Plaintiff fails to meet. *See Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted) (relief pursuant to Rule 59(e) is "an extraordinary remedy which should be used sparingly"). As stated above, the Court analyzed Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to

Fed. R. Civ. P. 12(b)(1).  ECF No. 47.  Motions relying on Rule 12(b)(1) share the same standard as motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  However, as the Court previously stated, "[i]n assessing a 12(b)(1) motion, 'the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  ECF No. 47, at 4.  For this reason, the Court considered the attachments to Defendant's Motion, ECF No. 32-2 to 32-7, in its analysis.  These attachments, combined with Plaintiff's Second Amended Complaint, support the conclusion that Lynn C. Boynton was appointed as a third-party representative in the state court proceeding.  ECF No. 31, at 11; ECF No. 32-4, at 1-2.  For Plaintiff to meet the clear error standard under Rule 59(e) there "must be more than simply a 'mere disagreement' with a decision to support a Rule 59(e) motion."  *Williams*, 2023 WL 8174323, at *1 (quoting *Hutchinson*, 994 F.2d at 1082).

Finally, Plaintiff argues that typographical errors, that did not in any way prejudice Plaintiff, are a basis for reconsideration.  ECF No. 49, at 13.  This argument fails.  *See Sterling v. United States*, No. RDB-16-2271, 2018 WL 5724006, at *5 (D. Md. Nov. 1, 2018) (denying Motion for Reconsideration where petitioner raises a typographical error as a ground to vacate); *Corrado v. Life Inv. Owners Participation Tr. and Plan*, No. DKC 08-0015, 2011 WL 1885713, at *2 (D. Md. May 18, 2011) (holding that typographical error did not alter substantive ruling and was not a basis for reconsideration); 11 Wright et al. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Reconsideration is denied.

A separate implementing Order shall follow.

Date:   July 6, 2026

                                         /s/
                                   Ajmel A. Quereshi
                                   United States Magistrate Judge